## 31453. ARNOLD v. ARNOLD.

GUNTER, Justice.

This appeal is from a judgment that denied a motion to set aside a divorce and alimony judgment.

Appellee-wife filed the action; appellant-husband was properly served and appeared at the temporary hearing; appellant did not file any responsive pleadings or demand a jury trial until after a judgment had been entered against him; the judgment ordered the appellant

"to pay all of the outstanding bills of the marriage incurred up to January 15, 1976"; appellant then moved to set aside the judgment on the ground that it awarded alimony in excess of that sought in the appellee's complaint; the trial judge conducted a hearing and then refused to set aside the judgment; and appellant has come here for review.

Appellant contends here that the judgment awarding alimony, entered against him, should be set aside because the award to the wife was in excess of that sought by her in her complaint.

A prayer of the complaint was: "That the defendant be ordered to pay all of the oustanding bills of the marriage, with the exception of the car note on plaintiff's 1970 Camaro automobile, which she will pay." The judgment ordered the appellant "to pay all of the out-standing bills of the marriage incurred up to January 15, 1976." Appellant contends that this language requires him to pay not only the oustanding bills but also the car-note payments.

We conclude that a proper interpretation of the judgment, when read in conjunction with the complaint, is that the appellant was required to pay all outstanding bills of the marriage incurred up to January 15, 1976, but not the promissory note on the car that the appellee conceded in her pleadings that she would pay.

However, to clarify any possible existing ambiguity, the judgment below is affirmed with direction that the alimony judgment be amended to show non-liability, as between the appellant and the appellee, of the appellant for the promissory note.

*Judgment affirmed with direction. All the Justices concur.*

SUBMITTED SEPTEMBER 21, 1976 — DECIDED DECEMBER 1, 1976.

*Irwin M. Levine,* for appellant.
*J. Stephen Clifford,* for appellee.